**Priscilla M. POPE, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

**No. 00–5106.**

United States Court of Appeals, Federal Circuit.

April 6, 2001.

Before NEWMAN, GAJARSA, and DYK, Circuit Judges.

**PER CURIAM.**

Priscilla M. Pope appeals the decision of the United States Court of Federal Claims[1] dismissing her takings claim as beyond the court's jurisdiction and as barred by the doctrine of *res judicata.* We *affirm.*

■ Ms. Pope seeks to overturn the decision of the United States Bankruptcy Court for the District of Massachusetts, which she argues acted illegally, and that the bankruptcy court's illegal action constitutes a taking for which she is due compensation under the Fifth Amendment of the Constitution. The Court of Federal Claims observed that a taking can occur only when the government acts legally, and actions that are alleged to be illegal are not takings. The court noted that the decision of the bankruptcy court is now final and can not be re-litigated.

■ Decisions of a bankruptcy court must be appealed to the district court for the district in which the bankruptcy court sits, and from there to the court of appeals for the regional circuit. This is the only path of appeal from a bankruptcy court. *See Celotex Corp. v. Edwards,* 514 U.S. 300, 313, 115 S.Ct. 1493, 131 L.Ed.2d 403 (1995) ("If dissatisfied with the Bankruptcy Court's ultimate decision, respondents can appeal 'to the district court for the judicial district in which the bankruptcy judge is serving,' *see* 28 U.S.C. § 158(a), and then to the Court of Appeals for the [regional] Circuit, *see* § 158(d)"). Collateral attack on the decision of a bankruptcy court is not available. *Id.*

The Court of Federal Claims correctly dismissed Ms. Pope's complaint.

1. *Pope v. United States,* No. 99–957C (Fed. Cl.     June 12, 2000)